## CHAMBERLIN & TAPP v. W. J. BREWER ET AL.

**Bonds—Presumption of Validity.**

The legal presumption of validity attaches to a bond; the extraneous evidence therefore of invalidity should so far over come the same evidence of validity as also to rebut the legal presumption of genuineness.

**Same—Liability of Clerk for Attesting to Validity of Bond.**

Where a clerk so far neglects his duties as to take and attest a bond without getting the names of the proposed securities, (and which had been approved by the court), to it in such a manner as to bind them, he and his sureties are liable for this official misconduct.

APPEAL FROM HENRY CIRCUIT COURT.

July 6, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

When this case was here before, see *3 Bush, 561,* it was reversed for errors therein designated, among which was the sustaining a demurrer to the defendants' plea of *non est factum.*

On the return of the case the cause was submitted to a special

judge to try the only issue on this plea, who decided for the defendants, and which appellants seek to reverse.

W. J. Brewer, being the sheriff of Henry county, executed his official bond with John Brewer, W. O. Brewer, D. V. Brewer, J. R. Berryman and J. P. Watkins names to it as securities. D. V. Brewer being dead, his administrator was not sued, Berryman and Watkins are resisting any recovery upon said bond for the sheriff's defalcation, because they say D. V. Brewer's name was a forgery and not placed there by his authority.

To sustain this plea they prove that D. V. Brewer was not in town the day it was executed, and did not acknowledge it, but that his name was placed to the bond by his brother, W. O. Brewer. Neither John Brewer nor W. O. Brewer make any resistance to the bond, but it is proved that D. V. Brewer's administrator has employed an attorney to resist it when he shall be sued, and the other non-resisting parties are insolvent, as is also D. V. Brewer's estate.

To countervail this evidence the appellants prove that W. O. and D. V. Brewer were brothers, that the latter had signed the former's name to a previous bond executed by the same sheriff, and that D. V. Brewer had only a week previous said to the county clerk he was going into this bond.

Neither party had summoned W. O. Brewer to testify, though still living.

The facts established by the defendants at best, raise only a presumption that the name of D. V. Brewer was signed without his authority and we are not prepared to say that this presumption is not fully met by the countervailing facts.

W. J. Brewer, the sheriff, was a kinsman and the promise of D. V. Brewer to be one of his sureties, the signing of his name by his brother, which seems never to have been complained of in his life time, and not until after W. J. Brewer's defalcation, and the fact that he on a former occasion signed W. O. Brewer's name, repels the presumption that W. O. Brewer committed the infamous crime of forgery, which if established would consign him to the state prison.

We are satisfied that no jury on this evidence would or should convict him of this crime and before it should be pronounced a forgery, even in a civil suit the evidence should be more conclusive in its character.

The legal presumption of validity attaches to the bond, the extraneous evidence therefore of invalidity should so far overcome the same evidence of validity as also to rebut the legal presumption of genuiness, which we think is wanting in this case.

It is very clear that these plaintiffs should have a remedy against some one. If the clerk so far neglected his official duties as to take and attest a bond without getting the names of the proposed securities, and which had been approved by the court, to it in such manner as to bind them, he and his securities should answer for this official misconduct. As this case must be of great public importance and as a full and ample investigation should be had, and as the judgment must be reversed for the error assigned, it would comport more with both the public and the private interest of these parties and insure a more certain administration of law and justice, to have all the parties before the court, therefore, on the return of the cause the court is directed to cause the administrator of D. V. Brewer to be made a party that it may be certain whether or not he will plead *non est factum,* and then whether or not it can be sustained, and if so whether the administration of public justice and the suppression of such enormous crimes cannot be vindicated.

This case ought so fully to be investigated as to leave but little remaining doubt as to both the liability of the clerk on his official bond and the responsibility of W. O. Brewer for a high crime before these obligors should be permitted to escape their responsibility and involved all those who necessarily had to deal with W. J. Brewer, as a duly qualified officer under proper official bond.

The cause was before reversed upon the allegations of the plea, which on demurrer had to be taken as true, the question now is whether these allegations have been sustained, which is very different.

The judgment is reversed with directions for further proceedings consistent herewith.

Judge Peters dissenting.

*Pryor & Barbour, for appellants.*

*Harlan, Scott, for appellees.*